# United States Court of Appeals
## For The District of Columbia Circuit

_____

**No. 25-5142**　　　　　　　　　　　　　　　　**September Term, 2024**

　　　　　　　　　　　　　　　　　　　　　　　　1:25-cv-01196-RDM

　　　　　　　　　　　　　　　　　　　　　**Filed On:** August 8, 2025

Jane Doe,

　　　　Appellant

　　v.

Douglas A. Collins, Secretary of Veterans Affairs,

　　　　Appellee

　　　**BEFORE:**　Henderson, Wilkins, and Garcia, Circuit Judges

## O R D E R

　　Upon consideration of the notice of appeal, the supplemental notice of appeal, the court's April 24, 2025 order to show cause and the response thereto, which contains a motion "to accept late filing," and the motion for judicial notice and for other relief, it is

　　**ORDERED** that the motion to accept late filing be granted.  It is

　　**FURTHER ORDERED** that the order to show cause be discharged.  It is

　　**FURTHER ORDERED** that the motion for judicial notice and for other relief be denied.  To the extent that appellant seeks a writ of mandamus recusing the district court judge, appellant has failed to demonstrate that recusal is required under 28 U.S.C. § 455(b)(3).  See In re Hawsawi, 955 F.3d 152, 159-60 (D.C. Cir. 2020).  Appellant has also failed to specifically identify any district court delay that would warrant mandamus relief.  See Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); cf. Telecomm. Rsch. & Action Ctr. v. FCC, 750 F.2d 70, 79 (D.C. Cir. 1984).  And appellant has not shown that she is entitled to the other relief requested in the motion.  It is

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 25-5142**                                                   **September Term, 2024**

     **FURTHER ORDERED** that the appeal be dismissed for lack of jurisdiction. Appellant seeks to appeal non-final orders of the district court, but the district court has not certified those orders for immediate appeal pursuant to 28 U.S.C. § 1292(b). In addition, appellant has not shown that the appealed orders qualify for immediate appeal under the collateral order doctrine, see Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 106 (2009), or any other exception to the "final decision" requirement of 28 U.S.C. § 1291.

     Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

Page 2